UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| E. ARMATA, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. 09-cv-1626 (KMK) (PED) |
| | : | |
| SARA PROVISIONS, INC. | : | **COMPLAINT** |
| | : | |
| and | : | |
| | : | |
| MOHAMED ABBAS a/k/a MANSOUR ABBAS | : | |
| | : | |
| Defendants | : | |

E. Armata, Inc. (hereinafter referred to as "plaintiff"), for its Complaint against defendants, alleges:

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2.     Venue in this District is based on 28 U.S.C. §1391 in that plaintiff's claims arose in this District.

<u>PARTIES</u>

3.     Plaintiff is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.  At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4.     a.     Defendant, Sara Provisions, Inc. ("Sara Provisions"), is a New York corporation with a principal place of business in Port Jefferson Station, New York, and was

at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

      b.    Defendant, Mohamed Abbas ("Abbas"), upon information and belief, is and was the officer and director of Sara Provisions and/or was otherwise in a position of control over the PACA trust assets belonging to plaintiff.

<u>GENERAL ALLEGATIONS</u>

5.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.    Plaintiff sold and delivered to defendants, in the course of interstate commerce, $19,076.00 worth of wholesale quantities of produce.

7.    Defendants accepted the produce, but have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff $19,076.00.  A statement of account is attached hereto as Exhibit A.

8.    At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.    Plaintiff preserved its interest in the PACA trust in the amount of $19,076.00 and remains a beneficiary until full payment is made for the produce.  Copies of the invoices from plaintiff to defendants containing the language required by 7 U.S.C . §499e(c)4 are attached hereto as Exhibit B.

10.    Defendant's failure, inability and refusal to pay the amount of $19,076.00 show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

<u>Count 1</u>
(Failure to Pay Trust Funds)

11.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12.    The failure of defendants to make payment to plaintiff of trust funds in the amount of $19,076.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

<u>Count 2</u>
(Failure to Pay For Goods Sold)

13.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14.    Defendants failed and refused to pay plaintiff $19,076.00 owed to plaintiff for produce received by defendants from plaintiff.

<u>Count 3</u>
(Unlawful Dissipation of Trust Assets by
a Corporate Officer – Abbas)

15.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 14 above as if fully set forth herein.

16.    Defendant, Abbas, upon information and belief, was an officer and/or director of Sara Provisions and/or otherwise in a position to control the PACA trust assets belonging to plaintiff during the time period in question.

17.    Defendant Abbas, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

18.     Defendant Abbas' failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

19.     As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 4
(Interest and Attorneys' Fees)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21.     As a result of defendants' failure to make full payment promptly of $19,076.00, plaintiff has lost the use of said money.

22.     As a further result of defendants' failure to make full payment promptly of $19,076.00, plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require defendants to comply with their statutory duties.

23.     PACA and plaintiff's invoices require defendants to pay prejudgment interest at the rate of 1-½% per month and attorneys' fees and costs in the event of a default in payment.

**WHEREFORE**, plaintiff requests the following relief:

1)     An order enforcing payment from the trust by requiring immediate payment of $19,076.00 to plaintiff;

2)     Judgment against each of the defendants, jointly and severally, in the amount of $19,076.00 under the trust provisions of the PACA;

3)      Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated this 20th day of February, 2009.

Respectfully submitted

LAW OFFICES OF BRUCE LEVINSON

By:  _/s/ Gregory Brown_____
     Gregory Brown (GB-1977)
     747 Third Avenue, Fourth Floor
     New York, New York 10017-2803
     (212) 750-9898

              and

     Louis W. Diess, III
     McCARRON & DIESS
     4900 Massachusetts Ave., N.W. Suite 310
     Washington, D.C. 20016
     (202) 364-0400

     Attorneys for Plaintiff