UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. ARMATA, INC. and<br>A&J PRODUCE CORP.<br><br>    Plaintiffs<br><br>   v.<br><br>LIGHTHOUSE PRODUCE, INC. f/d/b/a<br>SARA PROVISIONS, INC. and<br>MOHAMED ABBAS a/k/a<br>MONSOUR ABBAS<br><br>    Defendants | Civil No. 1:09-cv-01626-DC<br><br>**FIRST AMENDED COMPLAINT** |

  E. Armata, Inc. ("Armata") and A&J Produce Corp. ("A&J") (collectively hereinafter referred to as "plaintiffs"), for their first amended complaint against defendants, allege:

### JURISDICTION AND VENUE

  1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

  2. Venue in this District is based on 28 U.S.C. §1391 in that plaintiffs' claims arose in this District.

### PARTIES

  3. a. Plaintiff Armata is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, Armata was licensed as a dealer under the provisions of PACA.

    b. Plaintiff A&J is a New York corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. At all times pertinent herein, A&J was licensed as a dealer under the provisions of PACA.

4. a. Defendant, Lighthouse Produce, Inc. f/d/b/a Sara Provisions, Inc. ("Sara Provisions"), is a New York corporation with a principal place of business in Port Jefferson Station, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer. Under information and belief, Lighthouse Produce, Inc. is registered to do business at the same address as Sara Provisions and the companies share the same registered agent and officers.

b. Defendant, Mohamed Abbas a/k/a Monsour Abbas ("Abbas"), upon information and belief, is and was the officer and director of Sara Provisions and/or was otherwise in a position of control over the PACA trust assets belonging to plaintiffs.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6. a. Between September 11, 2008 and January 9, 2009, Armata sold and delivered to defendants wholesale quantities of produce, which had been moved in interstate commerce, in the amount of $19,076.00, of which $12,233.00 remains unpaid. Armata's Statement of Account and invoices are attached hereto as Exhibit A.

b. Between February 18, 2009 and February 25, 2009, A&J sold and delivered to defendants wholesale quantities of produce, which had been moved in interstate commerce, in the amount of $11,168.00, all of which remains unpaid. A&J's Invoices are attached hereto as Exhibit B.

7. Defendants accepted the produce, but have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiffs the aggregate amount of $23,401.00. See Exhibits A & B.

8. At the time of receipt of the produce, plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9. Plaintiffs preserved their interest in the PACA trust in the aggregate amount of $23,401.00 and remain beneficiaries until full payment is made for the produce. Copies of the invoices from plaintiffs to defendants containing the language required by 7 U.S.C. §499e(c)4 are attached hereto as Exhibit A & B.

10. Defendants' failure, inability and refusal to pay the amount of $23,401.00 shows that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiffs and are dissipating trust assets.

## Count 1
### (Failure to Pay Trust Funds)

11. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12. The failure of defendants to make payment to plaintiffs of trust funds in the amount of $23,401.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2
### (Failure to Pay For Goods Sold)

13. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. Defendants failed and refused to pay plaintiffs $23,401.00 owed to plaintiffs for produce received by defendants from plaintiffs.

Count 3
(Unlawful Dissipation of Trust Assets by a Corporate Officer –
Mohamed Abbas a/k/a Monsour Abbas)

15. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 14 above as if fully set forth herein.

16. Defendant, Abbas, upon information and belief, was an officer and/or director of Sara Provisions and/or otherwise in a position to control the PACA trust assets belonging to plaintiffs during the time period in question.

17. Defendant Abbas, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiffs for the produce they supplied.

18. Defendant Abbas' failure to direct the corporation to maintain PACA trust assets and pay plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

19. As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

Count 4
(Successor Liability – Lighthouse Produce, Inc.)

20. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. On information and belief, Lighthouse Produce, Inc. has continued to operate Sara Provisions, Inc.'s wholesale produce business operations.

22. Lighthouse Produce, Inc. is registered to do business at the same address as Sara Provisions, Inc.  Lighthouse Produce, Inc. utilizes the same PO Box, which is listed

on its checks, as Sara Provisions, Inc. Lighthouse Produce, Inc. and Sara Provisions, Inc. also share the same Chairman or Chief Executive Officer, Abbas.

23. On information and belief, Lighthouse Produce, Inc. has delivered checks to one or both Plaintiffs for debts owed by Sara Provisions, Inc. and drawn on accounts owed by Lighthouse Produce, Inc.

24. On information and belief, Lighthouse Produce, Inc. has not paid sufficient consideration for Sara Provisions, Inc.'s business assets.

25. On information and belief, and as a consequence of the facts set forth in paragraphs 1 to 24 above, Lighthouse Produce, Inc. and Sara Provisions, Inc. intended that Lighthouse Produce, Inc. assume the benefits and burdens of Sara Provision, Inc.'s business.

26. Lighthouse Produce, Inc. is the successor of Sara Provisions, and is liable for the PACA trust obligations of Sara Provisions.

27. WHEREFORE, Plaintiffs demand judgment against Lighthouse Produce, Inc. in the amount of $23,401.00.

Count 5
(Interest and Attorney's Fees)

28. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29. As a result of defendants' failure to make full payment promptly of $23,401.00, plaintiffs have lost the use of said money.

30. As a further result of defendants' failure to make full payment promptly of $23,401.00, plaintiffs have been required to pay attorneys' fees and costs in order to bring and prosecute this action to require defendants to comply with their statutory duties.

31. PACA and plaintiffs' invoices require defendants to pay prejudgment interest at the rate of 1.5% per month, and attorney's fees and costs, in the event of a default in payment.

**WHEREFORE**, plaintiffs demand the following relief:

1) An order enforcing payment from the trust by requiring immediate payment of $23,401.00 to plaintiffs;

2) Judgment against each of the defendants, jointly and severally, in the amount of $23,401.00 under the trust provisions of the PACA;

3) Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated: New York, New York
July 23, 2009

        Respectfully submitted

        LAW OFFICES OF BRUCE LEVINSON

        By: /s/ Bruce Levinson
        Bruce Levinson (BL0749)
        747 Third Avenue, 4th Floor
        New York, New York 10017-2803
        (212) 750-9898

        and

        Louis W. Diess, III
        McCARRON & DIESS
        4900 Massachusetts Ave., N.W. Suite 310
        Washington, D.C. 20016
        (202) 364-0400

        Attorneys for Plaintiffs